DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Hatfield appeals the Lawrence County Common Pleas Court's, Probate-Juvenile Division, judgment ordering him to pay restitution in the amount of $74,800, following his delinquency adjudication. He argues that because the victim did not present documentary proof to substantiate her loss, the record does not contain sufficient evidence to support the restitution amount. Because, at the restitution hearing, the victim specifically explained the amount of her loss, the record contains sufficient evidence to support the trial court's decision to impose restitution in the amount of $74,800. Therefore, we disagree with appellant's argument and affirm the trial court's judgment.
 {¶ 2} In February of 2003, appellant admitted to a delinquency complaint alleging that he violated R.C. 2911.12 (burglary, a second-degree felony), R.C. 2913.02 (theft, a fourth-degree felony), and R.C. 2911.31 (safecracking, a fourth degree felony). At a hearing, appellant admitted that he took money from the victim, but disputed the amount. He requested the trial court to hold a restitution hearing.
 {¶ 3} At the restitution hearing, the victim, June Huff, testified that appellant broke into her safe. She stated that a week before the burglary, she counted $100,000 in the safe. She explained that she had saved the money for approximately twenty-five years in order to build a restaurant and that the week before the burglary, she had contacted the man who was to build the restaurant to inform him that she had the money to pay him. Huff stated that after the burglary, only $8,000 remained, meaning that $92,000 had been taken. She testified that (1) the sheriff recovered $17,000, which she received, (2) she had to pay a $1,000 deductible to her insurance company, and (3) she received $200 from her insurance company. Huff thus asserted that she lost $74,800.
 {¶ 4} Appellant testified that he took only $18,500, and that he did not steal any other money that was missing. Appellant implied that his co-defendant must have taken the remaining money that Huff alleged was stolen.
 {¶ 5} The court subsequently ordered appellant to pay $74,800 in restitution, finding that he is jointly and severally liable with the co-defendant. The court found that limiting the amount to $18,500, the amount that appellant claimed to have personally taken, to be inconsistent with Ohio law.
 {¶ 6} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court committed reversible error by ordering the defendant/appellant to pay restitution to the alleged victim in the amount of $74,800.00, which was speculative and arbitrary to the alleged victim's actual loss."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred by ordering him to pay restitution in the amount of $74,800. He complains that "no credible evidence was presented" to support that amount. Appellant asserts that "no documentary proof was presented of the total actual damages suffered by the alleged victim" and that the only evidence to support the amount is the victim's "unsubstantiated testimony."[1] We disagree with appellant.
 {¶ 8} A trial court may order a delinquent child to pay restitution to the victim of a theft offense. See R.C. 2151.355(A)(2); see, also, R.C. 2929.18(A)(1). However, restitution is limited to the actual loss that the offender's criminal conduct caused. See State v.Brumback (1996), 109 Ohio App.3d 65, 82, 671 N.E.2d 1064. Additionally, the amount of restitution must bear a reasonable relationship to the victim's loss. See State v. Marbury (1995), 104 Ohio App.3d 179, 181,661 N.E.2d 271. Furthermore, the record must contain competent, credible evidence to show the amount of restitution to a reasonable degree of certainty. State v. Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18;Brumback, 109 Ohio App.3d at 83. Thus, the victim's loss must be substantiated through documentary evidence or testimony. See Marbury,104 Ohio App.3d at 181; see, also, State v. Scott, Lucas App. No. L-01-1337,2003-Ohio-1402, at ¶ 35; State v. Barnes (Mar. 8, 2002), Hancock App. No. 5-01-40.
 {¶ 9} Here, appellant asserts that the victim's testimony, standing alone, cannot support the trial court's restitution order. Appellant argues that the victim must establish the amount of her loss through documentary evidence. However, Marbury and subsequent cases have stated that the victim may establish the loss through documentary evidence or testimony. No absolute requirement exists that the victim demonstrate the loss through documentary evidence, and we see no valid reason for imposing such a requirement.
 {¶ 10} In this case, the victim testified at the restitution hearing as to the amount of her loss. The trial court obviously found her testimony to be credible, and we will not second-guess its credibility determination. See, e.g., State v. Williams, 99 Ohio St.3d 435,2003-Ohio-4164, 793 N.E.2d 449, at ¶ 36. Thus, the record contains competent, credible evidence to support the trial court's restitution order.
 {¶ 11} Appellant nevertheless contends that Marbury requires us to reverse the court's restitution order. We do not agree. In Marbury, the defendant was convicted of stealing money from the pizza shop where he worked. The trial court subsequently ordered the defendant to pay $12,000 in restitution. In calculating this amount, the trial court relied upon the following evidence: (1) a videotape showing the defendant taking $310 during a one-week period; and (2) a comparison of revenues between the six months that the defendant stole from the pizza shop and the same six-month period of the following year. The victim never testified at a restitution hearing. On appeal, the court reversed, finding that the restitution amount was speculative.
 {¶ 12} Contrary to appellant's suggestion, this case is not similar to Marbury. In Marbury, the victim did not testify at the restitution hearing. Additionally, the evidence that the state presented regarding the restitution amount was speculative. In this case, the victim testified at the restitution hearing and specifically explained how she lost $74,800. The amount of money that the victim lost is not speculative.
 {¶ 13} Therefore, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] In its appellate brief, appellee notes that appellant's defense during the trial court's restitution hearing appeared to be that he should not be jointly and severally liable with his co-defendant but instead, should only be held responsible for the amount of money that he claimed to steal. However, appellant has not raised this argument on appeal, and, therefore, we will not address it.