OPINION
{¶ 1} Defendant-appellant, Leo Miyamoto, appeals the September 13, 2005 conviction and sentence of the Municipal Court of Union County, Ohio. Following a bench trial, the court convicted Miyamoto on one count of Child Endangering in violation of 2919.22, a first degree misdemeanor, and he was sentenced to thirty days in the tri-county jail with twenty-five days suspended. In addition, Miyamoto was fined $600.00, $300.00 of which was also suspended. In this appeal, Miyamoto claims that he was denied his constitutional right to a trial by jury and that he was denied his right to assistance of counsel.
 {¶ 2} Miyamoto was arrested following an incident on July 31, 2005 at the Union County Fair. Jobe Scott, a reserve deputy for the Union County Sheriff's Office, was working security at the Fairgrounds. A fair patron informed Deputy Scott that a person, later identified as Miyamoto, was intoxicated and that he was with a little girl. Scott then located Miyamoto and began to follow him. Miyamoto was stumbling around, and Scott detected the presence of alcohol on Miyamoto's breath. Scott confronted Miyamoto, asking for identification. According to Scott's testimony, Miyamoto admitted at this point, "I've probably had too much to drink."
 {¶ 3} Deputy Scott began asking Miyamoto general information-gathering questions, and Miyamoto became increasingly belligerent. Deputy Scott called for assistance over his radio, and thereafter Sergeant Lyle Herman arrived on the scene. Sergeant Herman continued questioning Miyamoto, and Deputy Scott began helping the young girl who was accompanying Miyamoto, who was identified as Miyamoto's eight-year-old daughter.
 {¶ 4} Miyamoto indicated to Sergeant Herman that he had been out that night drinking at a bar, and that he had come to the fairgrounds to pick up his daughter. Sergeant Herman agreed that Miyamoto was intoxicated, and he learned that Miyamoto "intended to basically sleep it off [in his vehicle] at the fairgrounds." Sergeant Herman testified that Miyamoto was in no condition to care for his eight-year-old daughter, and that Miyamoto indicated to him that there was no one else who could come to the fairgrounds to take the child home.
 {¶ 5} Miyamoto was placed under arrest and charged with child endangerment. He requested a lawyer at his arraignment on August 1, 2005, and the matter was continued until August 16, 2005 so that Miyamoto could obtain counsel. He arrived at the August 16th hearing without counsel and without having applied for a public defender and entered a plea of "not guilty." Miyamoto did not file a demand for jury trial, and the matter was continued and set for a bench trial on September 13, 2005, again so that Miyamoto could obtain counsel. At trial, Miyamoto was found guilty and sentenced to thirty days in jail, twenty-five days suspended, as outlined above. Miyamoto now appeals, asserting two assignments of error:
It was a violation of the appellant's constitutional rightswhen he was not provided a jury trial when no written jury waiverwas obtained from him.
 Appellant was denied his constitutional right to due processand equal protection of the law as he was denied assistance ofcounsel.
 {¶ 6} In his first assignment of error, Miyamoto argues that he was denied his right to a jury trial guaranteed in theSixth Amendment to the United States Constitution.
 {¶ 7} At the outset, we note that there is no absolute right to a jury trial when dealing with misdemeanor charges. Hoffmanv. State, 98 Ohio St. 137; City of Mentor v. Giordano (1967),9 Ohio St.2d 140. Moreover, it is permissible for the State to require, by statute, an affirmative act on the part of the defendant to demand a jury trial in a misdemeanor case.Giordano, 9 Ohio St.2d 143 ("In Ohio, in cases involving misdemeanors, a statute providing that, before an accused shall be entitled to a jury trial, he must demand the same, is not violative of the constitutional right of trial by jury.") (citations omitted). Following that principal, R.C. 1901.24(A) provides that "[a] jury trial in a municipal court shall be demanded in the manner prescribed in the Rules of Civil Procedure or the Rules of Criminal Procedure." A person waives the right if demand is not made in the manner proscribed in the rules. R.C.1901.24(B).
 {¶ 8} Pursuant to the Rules of Criminal Procedure, Miyaomoto was required to file a written demand for a jury trial with the trial court. Crim.R. 23(A) provides:
In petty offense cases, where there is a right of jury trial,the defendant shall be tried by the court unless he demands ajury trial. Such demand must be in writing and filed with theclerk of court not less than ten days prior to the date set fortrial, or on or before the third day following receipt of noticeof the date set for trial, whichever is later. Failure todemand a jury trial as provided in this subdivision is a completewaiver of the right thereto.
(emphasis added). Miyamoto was charged with child endangerment, which qualifies as a "petty offense" under the rules. Crim.R. 2 defines a "petty offense" as any misdemeanor that permits a term of confinement for a period of six months or less. CrimR. 2(C) — (D). Child endangerment, as a first degree misdemeanor, is punishable by up to 180 days in jail, and therefore clearly qualifies as a "petty offense." R.C. 2919.24(A)(1). Accordingly, pursuant to Crim.R. 23(A) Miyamoto was required to file a written jury demand with the trial court within the period prescribed by the rule. See City of Cleveland Heights v. Jackson, 8th App. No. 82958, 2003-Ohio-6986.
 {¶ 9} There is no evidence in the record that Miyamoto filed a written jury demand with the trial court. He did indicate to the court at his bench trial, "I'd like to state that I believe I asked for a jury trial." However, there is no indication in the record that Miyamoto ever filed a written request to have his case heard by a jury. Even if Miyamoto had orally requested a jury, though there is no evidence that he did so, he failed to comply with the rule; Crim.R. 23(A) specifically requires that the jury demand be in writing. See also City of Maumee v.Jones, 6th Dist. App. No. L-01-1444, 2002 WL 1438673, ¶ 12-14.
 {¶ 10} The fact that Miyamoto did not file a written jury demand does not resolve this issue however, because Miyamoto also argues that he was never informed of the fact that a jury demand was required. Crim.R. 5(A)(5) requires the court to inform the defendant, at the first appearance before a judge or magistrate, "[o]f his right, where appropriate, to jury trial and the necessity to make demand therefore in petty offense cases." Unfortunately, this Court was not provided with a copy of the transcript of the initial arraignment, where Miyamoto should have been informed of the need to demand a jury trial.[1] The burden is on the appellant, who is claiming error in the proceedings below, to provide the appellate court with a transcript of the proceedings. App.R. 9(B). Absent a complete and adequate record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7,615 N.E.2d 617; State v. Pringle, Auglaize App. No. 2-03-12, 2003-Ohio-4235, ¶ 10.
 {¶ 11} Moreover, the proceedings in petty offense cases need only be recorded if requested by one of the parties. Crim.R. 22. There is no indication in the record whether or not Miyamoto ever requested that the initial hearing be recorded. Accordingly, we must presume the regularity of the proceedings. We have previously held that lack of an adequate record prevents a defendant from arguing on appeal that a guilty plea was not knowing and voluntary. Pringle, at ¶ 9-10. Likewise, failure to provide an adequate record prevents a defendant from arguing that the trial court failed to inform him of the need to demand a jury trial, especially when, as here, the defendant failed to exercise his right to have the proceeding recorded. Appellant's first assignment of error is therefore overruled.
 {¶ 12} In his second assignment of error, Miyamoto argues that he was denied his constitutional right to counsel. He contends that there is no indication in the record that he knowingly and voluntarily waived his right to counsel.
 {¶ 13} It is well established that the right to counsel embodied in the Sixth Amendment to the United States Constitution extends to misdemeanor criminal charges that could result in the imposition of a jail sentence. Argersinger v. Hamlin (1972),407 U.S. 28, 30-31. Thus, in any criminal prosecution that results in incarceration, the defendant must either be afforded counsel or knowingly, voluntarily, and intelligently waive that right. Id. at 37. The right to counsel is also fundamental; courts are to indulge every reasonable presumption against the waiver of the right. State v. Dyer (1996), 117 Ohio App.3d 92,95, 689 N.E.2d 1034 (citations omitted).
 {¶ 14} The rule announced in Argersinger is embodied in Crim.R. 44, State v. Haag (1976), 49 Ohio App.2d 268, 270,360 N.E.2d 756, which provides:
(B) Counsel in petty offenses. Where a defendant charged witha petty offense is unable to obtain counsel, the court may assigncounsel to represent him. When a defendant charged with a pettyoffense is unable to obtain counsel, no sentence of confinementmay be imposed upon him, unless after being fully advised by thecourt, he knowingly, intelligently, and voluntarily waivesassignment of counsel.
 (C) Waiver of counsel. Waiver of counsel shall be in opencourt and the advice and waiver shall be recorded as provided inRule 22. In addition, in serious offense cases, the waiver shallbe in writing.
Crim.R. 44(B) — (C). Futhermore, Crim.R. 22 provides that "all waivers of counsel required by Rule 44(B) shall be recorded * * *." Unlike waiver of a jury trial right, which does not have to be recorded, Crim.R. 22 mandates that the trial court record a waiver of counsel. For this reason, the general rule that the proceedings in the lower court are presumed to correct absent some error shown in the record does not apply, City of GarfieldHeights v. Brewer (1984), 17 Ohio App.3d 216, 217,479 N.E.2d 309; Ohio courts have concluded that waiver of this right cannot be presumed from a silent record. Haag, 49 Ohio App.2d at 270
(citing Carnley v. Cochran (1962), 369 U.S. 506); Dyer,117 Ohio App.3d at 95. "The state bears the burden of overcoming presumptions against a valid waiver." Dyer,117 Ohio App.3d at 95.
 {¶ 15} In the instant case, nothing in the record establishes that the trial court obtained a knowing and intelligent waiver of the right to counsel. Again, a transcript of the initial proceedings was not contained in the record. Additionally, at trial there was absolutely no discussion on the record concerning the fact that Miyamoto was without counsel.
 {¶ 16} The state argues that Miyamoto is precluded from arguing that he was denied the assistance of counsel because he did not timely seek counsel. The record clearly establishes that the proceedings before the trial court were continued twice so that Miyamoto could obtain counsel, and he was given a Public Defender Application which was never completed and submitted to the court. The state contends that Miyamoto should not be rewarded for his failure to take the necessary actions to obtain counsel.
 {¶ 17} It is true that waiver of counsel may be implied from the circumstances. See State v. Salyers, Marion App. No. 9-05-04, 2005-Ohio-5037, ¶ 6. Under the circumstances of this case, Miyamoto's actions may understandably lead to the conclusion that he was effectively choosing to waive the right to counsel, since he repeatedly failed to file an application for a public defender. However, even if the trial court could imply a waiver, the court must still determine that the defendant is knowingly relinquishing the right. Id. "Even when the waiver of counsel is implied by the defendant's purported delaying tactics, a pretrial inquiry as to the defendant's knowing and intelligent waiver of the right must be made." State v. Weiss (1993),92 Ohio App.3d 681, 685, 637 N.E.2d 47 (citations omitted).
 {¶ 18} There is no affirmative showing in the record that the trial court obtained a knowing and intelligent waiver. Moreover, there is no colloquy in the record of the trial indicating that Miyamoto wished to proceed without counsel, much less that he understood the consequences of foregoing that right. The requirements of the Criminal rules are mandatory, and failure to comply with these procedures constitutes error. Dyer,117 Ohio App.3d at 96.
 {¶ 19} Accordingly, because there is no waiver evident in the record, we must conclude that Miyamoto did not knowingly and intelligently waive his right to counsel. Based on the foregoing, Miyamoto's assignment of error is sustained. The trial court did not obtain a knowing and intelligent waiver of Miyamoto's right to counsel, and because counsel was not afforded to him Crim. R. 44(B) prohibits a sentence of confinement. In accordance with that rule, we modify the sentence by vacating the portion imposing a thirty-day jail sentence. As so modified, we affirm the judgment of conviction.
Judgment vacated in part and affirmed in part.
 Bryant, P.J., and Rogers, J., concur.
[1] The Court is unaware of whether a transcript of the initial hearing was actually prepared or whether it was simply not included in the record; regardless, a transcript was not made available on appeal.