OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant Ricky Deal ("Deal") appeals from the March 17, 2008 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio denying Deal's motion for jail time credit.
 {¶ 3} This matter stems from a guilty plea Deal entered on November 13, 2007 to one count of Identity Fraud, in violation of R.C. 2913.49(B)(2), a felony of the fifth degree. Pursuant to his written plea, in a Judgment Entry dated November 13, 2007, Deal was sentenced to seven months in prison.
 {¶ 4} On February 22, 2008 Deal filed a Motion for jail-time credit, alleging that he spent 122 days in the Hancock Justice Center but was given only 16 days of jail time credit. The State responded to Deal's motion stating that "the jail time credit was part of negotiations due to the Defendant receiving credit on a Napoleon Municipal Court sentence as well as sentences out of Henry County and Hardin County Common Pleas Courts."
 {¶ 5} In ruling on Deal's motion for jail-time credit, the trial court found as follows:
 The Court, having reviewed the file herein finds that the defendant was also incarcerated on sentences from the *Page 3 Napoleon, Ohio Municipal Court, the Henry County, Ohio Common Pleas Court, and the Hardin County, Ohio Common Pleas Court while incarcerated in the Hancock County, Ohio jail in connection with this case. In addition, the issue of jail time credit was a part of the plea negotiations entered into between the State of Ohio and the defendant through the Hancock County, Ohio Public Defender's office, as counsel of record for the defendant.
 {¶ 6} Deal now appeals asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT'S MOTION FOR ADDITIONAL JAIL TIME CREDIT, FOR THE PERIOD OF LOCAL CONFINEMENT PRIOR TO THE IMPOSITION OF SENTENCE, SPECIFICALLY 08/08/07-10/29/07.
 {¶ 7} In his sole assignment of error, Deal argues that the trial court erred by denying his motion for additional jail time credit. As an initial matter, we note that Deal has not provided this Court with a transcript of either his change of plea or his sentencing. The burden is on the appellant, who is claiming error in the proceedings below, to provide the appellate court with a transcript of the proceedings. App. R. 9(B). Absent a complete and adequate record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." State v. Miyamoto, 3rd Dist. No. 14-05-43, 2006-Ohio-1776 quoting Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617, 1993-Ohio-177;State v. Pringle, 3rd Dist. No. 2-03-12, 2003-Ohio-4235, ¶ 10. This Court cannot give any type of meaningful review to the actions and findings of the *Page 4 
lower court when we have no evidence of what occurred. See, also,Board of Trustees, Sugar Creek Tp. v. Crawford, 3rd Dist. No. 1-01-130, 2002-Ohio-2082.
 {¶ 8} As an additional initial matter, we note that Deal did not take a direct appeal of his sentence. The doctrine of res judicata prohibits a defendant from raising and litigating issues in another proceeding when those issues could have been raised by the defendant on direct appeal from the trial court's judgment. State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. InPerry, the Ohio Supreme Court held as follows:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. See, also, State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131, 1997-Ohio-304.
 {¶ 9} Deal could have asserted in a direct appeal that the trial court erred in failing to credit him for additional jail time served. Therefore, we find that Deal is now barred by res judicata from raising the issue of jail time credit. See also State v. Lynn, 3rd Dist. No. 15-06-16, 2007-Ohio-3344; State v.Williams, 3rd Dist. No. 1-03-02, 2003-Ohio-2576. *Page 5 
 {¶ 10} However, in the interest of justice we will address Deal's argument, despite the limited record before this Court. Although Deal argues that he was entitled to additional jail time credit, he points to nothing in the record to support his assertions. He attaches a copy of a Hardin County Judgment Entry to his brief to this Court. However, he fails to include the judgment entries from the Napoleon Municipal Court or from the Henry County Court of Common Pleas which are both cited by the trial court to explain why he did not receive additional jail time credit. Because those entries are not before this court, we are, again, bound by the presumption of regularity.[1] See Miyamoto,2006-Ohio-1776.
 {¶ 11} A defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based. State v.Logan (1991), 71 Ohio App.3d 292, 300, 593 N.E.2d 395. As stated inState v. Callender (February 4, 1992), 10th Dist. No. 91AP-713, under Crim. R. 32.2(D) and R.C. 2967.191, a trial court is not required to recognize duplicate or multiple pretrial detention credit. See also State v. Sears, 2nd Dist. No. 20330, 2005-Ohio-1593.
 {¶ 12} Because we must assume that the trial court correctly stated that Deal received the jail time credit on other sentences from other courts, we cannot find *Page 6 
any error in the ruling of the Hancock County Common Pleas Court on this matter. Accordingly, Deal's assignment of error is overruled.
 {¶ 13} Based on the foregoing, the March 17, 2008 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio denying Deal's motion for jail time credit is affirmed.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] The issue of jail time credit was specifically raised in the plea agreement signed by both Deal and his counsel, which states that "I know any prison term stated will be the term served without good time credit." Although we are unsure whether this provision refers only to credit for good behavior, it lends support to the trial court's findings that the subject of jail time credit was part of the plea negotiation. *Page 1