[Cite as *State v. Pagan*, 2010-Ohio-833.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,                                    CASE NO. 3-09-13

   PLAINTIFF-APPELLEE,

 v.

ELIAS A. PAGAN,                                   O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 09-CR-0032

Judgment Affirmed

Date of Decision:  March 8, 2010

APPEARANCES:

   *Shane M. Leuthold* for Appellant

   *Clifford J. Murphy* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Elias Pagan, appeals the judgment of the Court of Common Pleas for Crawford County convicting him of burglary and ordering him to pay $34,886 in restitution to the burglary victim. On appeal, Pagan asserts that the trial court erred in ordering him to pay restitution and in failing to instruct the jury pursuant to R.C. 2945.11. Based upon the following, we affirm the judgment of the trial court.

{¶2} In March 2009, the Crawford County Grand Jury indicted Pagan on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. The indictment contained a one-year firearm specification pursuant to R.C. 2941.141. Thereafter, Pagan entered a plea of not guilty. The indictment stemmed from an incident during which Pagan and co-defendants Darren M. Conley and Steven R. Kopp burglarized the home of victim Steven Sipes.

{¶3} In June 2009, the case proceeded to trial.[1] Thereafter, the jury found Pagan not guilty of burglary in violation of R.C. 2911.12(A)(2), but found him guilty of the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree.

{¶4} In August 2009, the trial court sentenced Pagan to a four-year prison term and ordered him to pay $34,886 in restitution to the victim, owed jointly and

---

[1] We note that Pagan did not provide a transcript of the trial proceedings.

severally with his co-defendants. At the sentencing hearing, Sipes discussed many of the items that were taken from his home in the burglary and had not been recovered, including food, jewelry, clothing, Christmas gifts, multiple firearms, and cash. Additionally, the trial court stated that the document presented by the prosecution pertaining to restitution would be made a part of the record.[2]

{¶5} It is from this judgment that Pagan appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED WHEN IT ORDERED THE DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $34,886.**

### Assignment of Error No. II

**THE COURT ERRED BY FAILING TO INSTRUCT THE JURY PURSUANT TO RC 2945.11.**

### Assignment of Error No. I

{¶6} In his first assignment of error, Pagan argues that the trial court erred when it ordered him to pay Sipes restitution in the amount of $34,886. Specifically, Pagan argues that there was no testimony presented at sentencing that Sipes suffered a $34,886 loss due to the burglary, and that Sipes' statement that he had compiled a list detailing his losses and the corresponding document were

---

[2] Although the trial court asserted at the sentencing hearing that the restitution document would be made a part of the record, and although the document is attached to Pagan's appellate brief, the document does not appear in the record.

insufficient to establish what items were stolen and the value of those items. We disagree.

**{¶7}** An appellate court reviews a trial court's decision to impose restitution under an abuse of discretion standard. *State v. Griffus*, 3d Dist. No. 14-08-39, 2009-Ohio-304, ¶7, citing *State v. Lamere*, 3d Dist. No. 1-07-11, 2007-Ohio-4930, ¶¶6-7. An abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not simply substitute its judgment for that of the trial court. Id. "However, the amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." (Citations omitted.) *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, ¶20.

**{¶8}** Restitution is governed by R.C. 2929.18, which provides that courts may impose financial sanctions in certain cases including, in pertinent part:

> **Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court * * *. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.** *If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim*, **the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property,**

**and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution *if the offender, victim, or survivor disputes the amount*. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.**

(Emphasis added.) R.C. 2929.18(A)(1). Accordingly, R.C. 2929.18(A)(1) specifically provides that "the court may base the amount of restitution it orders on an amount recommended by the victim." See, e.g., *State v. Policaro*, 10th Dist. No. 06AP-913, 2007-Ohio-1469, ¶8; *State v. Anderson*, 1st Dist. Nos. C-050785, C-050786, 2006-Ohio-4602, ¶9; *State v. Gregg*, 11th Dist. No. 2006-A-0013, 2007-Ohio-1201, ¶58; *State v. Morgan*, 11th Dist. No. 2005-L-135, 2006-Ohio-4166, ¶¶26-30; *In re Hatfield*, 4th Dist. No. 03CA14, 2003-Ohio-5404, ¶12.

{¶9} Initially, we note that Pagan failed to object to the restitution award and failed to request a hearing on restitution. As he failed to object, Pagan has waived all but plain error regarding the restitution findings. See *State v. Miller*, 3d Dist. No. 1-09-32, 2009-Ohio-6157, ¶5, citing *State v. Stewart*, 3d Dist. No. 16-08-11, 2008-Ohio-5823; *State v. Marbury* (1995), 104 Ohio App.3d 179, 181. In order to have plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68.

Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431, 1997-Ohio-204; see *State v. Johnson*, 3d Dist. No. 2-98-39, 1999-Ohio-825.

{¶10} Further, we note that the State has pointed out that Pagan failed to provide a transcript of the trial on appeal. The State further contends that the transcript demonstrates the evidence at trial established that the amount of restitution was justified. An appellant bears the burden of furnishing a record to the appellate court that is sufficient to disclose the error of which he complains. App.R. 9(B); *State v. Deal*, 3d Dist. No. 5-08-15, 2008-Ohio-5408, ¶7. Consequently, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199; *Deal*, 2008-Ohio-5408, at ¶7.

{¶11} Here, because Pagan failed to provide a transcript of the trial proceedings, which the State avers contains evidence substantiating the items Sipes lost and the items' values, we must presume regularity in the trial

proceedings and that competent, credible evidence existed to support the $34,886 restitution award. See *Knapp*, 61 Ohio St.2d at 199.

{¶12} Accordingly, we overrule Pagan's first assignment of error.

*Assignment of Error No. II*

{¶13} In his second assignment of error, Pagan argues that the trial court erred by failing to instruct the jury on the range of available punishments for each degree of felony burglary. Specifically, Pagan argues that R.C. 2945.11 requires the trial court to instruct juries on punishment in cases of burglary of inhabited dwellings, and that, had the jury been aware that the potential penalty for R.C. 2911.12(A)(3) was a five-year prison term, it would not have found him guilty since he alleged he never entered Sipes' home.

{¶14} Initially, we note that Pagan did not request a jury instruction on the range of available punishments for each degree of felony burglary. As this alleged error was not brought to the attention of the trial court, Pagan has waived all but plain error. Crim.R. 52(B); Crim.R. 30(A); *State v. Bridge*, 3d Dist. No. 1-06-30, 2007-Ohio-1764, ¶¶19-20. As discussed in our analysis of Pagan's first assignment of error, plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *Biros*, 78 Ohio St.3d at 436; see *Johnson*, supra.

{¶15} R.C. 2945.11, on which Pagan relies, provides that:

> **In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. The court must also inform the jury that the jury is the exclusive judge of all questions of fact. The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge except in cases of murder in the first degree or burglary of an inhabited dwelling.**

R.C. 2945.11 was codified in 1953 and has not been modified since that time. In 1953, the former R.C. 2907.09 prohibited "burglary in an inhabited dwelling," which provided, in pertinent part:

> **No person shall in the night season maliciously and forcibly break and enter an inhabited dwelling house with intent to commit a felony, or with intent to steal property of any value.**
> **Whoever violates this section shall be imprisoned for life. Upon recommendation of mercy by the jury such person shall be imprisoned not less than five years nor more than thirty years. \* \* \***

Baldwin's Ohio Criminal Law (1954) 297. R.C. 2907.09 was repealed in 1974 and replaced with R.C. 2911.11, prohibiting aggravated burglary, and R.C. 2911.12, prohibiting burglary. See *State v. Korb*, 6th Dist. No. WD-94-054, 1995 WL 232354. R.C. 2911.12, for which Pagan was indicted and convicted, provides, in pertinent part:

> **(A)   No person, by force, stealth, or deception, shall do any of the following:**
>
> **\*\* \***
>
> **(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a**

**permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;**

**(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;**

**\* \* \***

**(C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree. A violation of division (A)(4) of this section is a felony of the fourth degree.**

{¶16} The clear reading of 2945.11 requires only that the trial court inform the jury that, in determining the question of guilt, it may not consider punishment because punishment is the trial judge's decision, with the exception of first degree murder and "burglary of an inhabited dwelling" offenses. R.C. 2945.11. The offense of "burglary in an inhabited dwelling" under the 1953 version of R.C. 2907.09 is no longer the law in Ohio, and, notably, this former statute imposed a life sentence for that offense, *unless the jury recommended otherwise*. See *Korb*, supra. The current statutes prohibiting burglary, including R.C. 2911.12, for which Pagan was indicted and convicted, do not contain such a provision permitting jury recommendations in sentencing. Additionally, Pagan has pointed to no statutory or case law requiring a trial court to instruct a jury on the potential

penalties for the current offense of burglary. See *Korb*, supra (finding that R.C. 2945.11 did not require a trial court to instruct the jury on punishment for aggravated burglary under R.C. 2911.11 because the former version of R.C. 2907.09, prohibiting "burglary in an inhabited dwelling," was no longer the law, and R.C. 2911.11 did not include a provision permitting the jury to participate in sentencing).

{¶17} Even further, although Pagan baldy asserts that, had the jury been aware that the potential penalty was a five-year prison term, it would not have found him guilty of violating R.C. 2911.12(A)(3) because he never entered Sipes' dwelling, he provides no evidence to support these assertions. Especially given that Pagan did not provide this Court with a transcript of the trial, we cannot find that he has demonstrated that, but for the trial court's failure to instruct the jury on the range of punishments for each degree of felony burglary, the outcome at trial would clearly have been different. See *Deal*, 2008-Ohio-5408, at ¶7; *Biros*, 78 Ohio St.3d at 431.

{¶18} Accordingly, we overrule Pagan's second assignment of error.

{¶19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J., and SHAW, J., concur.**
**/jnc**

-10-