[Cite as *State v. Hatmaker*, 2013-Ohio-3202.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-10-198 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/22/2013 |
| - vs - | | |
| | : | |
| ADRIAN L. HATMAKER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 12TRD04172


Geoffrey Modderman, Hamilton City Prosecutor, 345 High Street, 7th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Adrian Hatmaker, appeals a decision of the Hamilton Municipal Court ordering him to pay $1,250 in restitution for damages he caused to a vehicle in a hit and skip incident.

{¶ 2} In July 2012, appellant was charged with numerous traffic offenses arising from three separate cases. Appellant subsequently pled guilty, and the municipal court accepted

the guilty pleas, to one count each of leaving the scene of an accident, noncompliance suspension, assured clear distance, and failure to comply with the lawful order of a police officer. The state nolled the remaining charges.

{¶ 3} At the restitution hearing, the owner of the vehicle damaged in the hit and skip incident testified that the car was a 1986 Honda Accord; just prior to the accident, he had spent about $1,500 in repairs for the car; he had "uninsured motors insurance;" his deductible was $250; the insurance company totaled the car and paid him $3,000 for it; and he believed the value of the car right before the accident was at least $3,500. Based on this testimony, the municipal court ordered appellant to pay $1,250 in restitution ($250 for the victim's insurance deductible and an additional $1,000).

{¶ 4} Appellant now appeals. In a single assignment of error, appellant argues the municipal court erred in ordering $1,250 in restitution based solely on the victim's unsubstantiated testimony.

{¶ 5} R.C. 2929.18(A)(1) grants a trial court authority to order restitution by an offender to a victim in an amount commensurate with the victim's economic loss. Prior to imposing a restitution order, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *State v. Hipsher*, 12th Dist. Warren No. CA2011-12-128, 2012-Ohio-3206, ¶ 13. The restitution ordered must "bear a reasonable relationship to the actual loss suffered by the victim." *State v. Stamper*, 12th Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17. A restitution order that does not bear a reasonable relationship to the actual loss suffered by the victim is an abuse of a trial court's discretion. *Id.* A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 181.

{¶ 6} R.C. 2929.18(A)(1) explicitly permits a trial court to "base the amount of

restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." Thus, a victim's loss may be substantiated through documentary evidence *or* testimony, including that of the victim. *See In re Hatfield*, 4th Dist. Lawrence No. 03CA14, 2003-Ohio-5404; *State v. Griffin*, 6th Dist. Lucas No. L-11-1283, 2013-Ohio-411; *State v. Policaro*, 10th Dist. Franklin No. 06AP-913, 2007-Ohio-1469 (victim's testimony was sufficient, competent, and credible evidence to support restitution order); and *State v. Meyers*, 12th Dist. Butler No. CA2004-09-219, 2005-Ohio-4919 (same).

{¶ 7} Upon reviewing the record, we find that the municipal court erred in ordering $1,250 in restitution. We note that while the victim's testimony established he had a $250 insurance deductible, and while appellant's counsel argued the amount of restitution should be $250, the record does not clearly indicate the victim paid $250 out of pocket (the transcript of the restitution hearing contains several "inaudibles"). Further, assuming the municipal court ordered an additional $1,000 in restitution to compensate the victim for a portion of the $1,500 in car repairs he paid, this was improper. The victim clearly testified the repairs were incurred *before* the hit and skip accident. They were, therefore, not caused by appellant's criminal conduct. *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 9 (amount of restitution is limited to the actual loss caused by the offender's criminal conduct for which the offender was convicted).

{¶ 8} R.C. 2929.18(A)(1) provides that restitution "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages." R.C. 2929.01(L).

{¶ 9} The economic loss suffered by the victim as a direct and proximate result of appellant's conduct was the value of the totaled vehicle. The victim testified that prior to the accident, the value of the car was $3,500. The victim further testified that the insurance company paid him $3,000 for the loss of the vehicle. Based on this testimony, the victim was only entitled to $500 in restitution.

{¶ 10} We do not dispute the victim suffered a significant economic loss due to appellant's criminal conduct. Further, it is unfortunate the victim was unable to enjoy the benefit of the repairs he made to the vehicle shortly before the accident, as the vehicle was totaled as a result of appellant's conduct. However, there is no competent, credible evidence in the record to support a $1,250 restitution order. As noted above, we do not conclude that the municipal court could not order restitution, only that the current amount awarded is not supported by the record. *See State v. Esterle*, 9th Dist. Medina No. 06CA0003-M, 2007-Ohio-1350, ¶ 7.

{¶ 11} We accordingly find appellant's assignment of error well taken and sustained to the extent the amount of the restitution award is excessive and an adjustment is in order. Pursuant to App.R. 12(B), we hereby modify the trial court's restitution award from $1,250 to $500. As thus modified, the judgment of the trial court is affirmed.[1]

{¶ 12} Judgment affirmed as modified.

RINGLAND, P.J., and PIPER, J., concur.

---

1. We note that as part of a plea agreement, a defendant may agree to pay a greater amount of restitution. *See State v. Burns*, 6th Dist. Lucas Nos. L-11-1192 and L-11-1198, 2012-Ohio-4191. However, the record in this case does not reveal that restitution was part of the plea agreement.