[Cite as *State v. Lyons*, 2014-Ohio-2239.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                     :            CASE NO.   CA2013-08-074

                                        :            O P I N I O N
    - vs -                                                                  5/27/2014

                                          :

KIMBERLY J. LYONS a.k.a. Kimberly          :
Estep,

                                          :
    Defendant-Appellant.

                                          :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29123

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Batsche & Batsche Law Firm, D. Andrew Batsche, 300 West Main Street, P.O. Box 75, Mason, Ohio 45040, for defendant-appellant

    **RINGLAND, P.J.**

    {¶ 1}  Defendant-appellant, Kimberly Lyons, appeals a decision of the Warren County Common Pleas Court ordering her to pay $9,420 in restitution for stolen items.

    {¶ 2}  On June 7, 2013, Lyons pled guilty to one count of Grand Theft, a third-degree felony in violation of R.C. 2913.02(A)(1).  A sentencing hearing was held on July 22, 2013,

wherein the victim, Robert John Stegemoller, testified regarding the value of the items that were stolen.

{¶ 3} Stegemoller testified that Lyons had stolen a 20-year-old Smith and Wesson .32 caliber pistol that would cost $350 to replace. He also testified that Lyons stole a piggy bank he kept for his grandchildren that contained between $50 and $75. Stegemoller testified that he also had a change jar that was full at the time it was stolen, containing between $200 and $300.

{¶ 4} Finally, Stegemoller testified as to the value of the contents of a box of old coins, wedding rings and $850 cash that Lyons stole. Stegemoller testified that his wedding rings were worth $450. He was unable to provide an exact value of his grandparent's and parent's wedding rings, except to say that they were solid gold. Stegemoller testified that the box contained three rolls of solid silver dimes and some older silver dollars. While he indicated that the box also contained many other old coins, he was unable to describe those other coins with specificity. However, over Lyons' objection on the basis of hearsay, Stegemoller testified that he took the coins to a local jewelry store owner a few years ago who valued the coin collection at between $7,000 and $8,000.[1] Based on the foregoing, Stegemoller sought $10,000 in restitution from Lyons.

{¶ 5} On cross-examination, Stegemoller acknowledged that the jewelry store owner did not deal in coins, did not discuss how coins are graded and did not look up the coins in a coin value book. Stegemoller admitted that he never had the coins appraised for insurance purposes and did not possess an inventory of what was in the box. Rather, he testified that he was estimating the value of the contents.

{¶ 6} Lyons testified next and asserted that the value of the coins was significantly

---

1. Stegemoller testified that he took the coins to John Davidson, owner of Davidson Jewelers in Lebanon, Ohio.

less than that which was assigned by Stegemoller. She testified that she sold the coins for scrap silver after taking them to a coin dealer who told her that their value was greatly diminished because of their condition. Accordingly, she testified that she received $420 for the silver dollars and $80 for the additional coins. Lyons also testified that she received $50 for the jewelry she stole, $70 to $80 in change from the coin jar, and $100 for the Smith and Wesson revolver. Finally, she stated that she found only two $20 bills in the old box, not the $850 cash Stegemoller asserted.

{¶ 7} At the conclusion of the hearing, the trial court made an order of restitution of $9,420 to Stegemoller. Lyons was ordered to pay the restitution at a rate of $100 per week, the amount she testified she would be capable of paying.

{¶ 8} Lyons now appeals from that sentence, raising a single assignment of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING AN EXCESSIVE RESTITUTION AMOUNT AT SENTENCING.

{¶ 11} Lyons argues that the trial court erred by relying "solely upon an unreliable hearsay statement to base its determination of the bulk of the amount of the restitution ordered."

{¶ 12} We begin by acknowledging Lyons' objection to Stegemoller's hearsay testimony at the sentencing hearing, as well as her reference to that "unreliable hearsay" in her brief. We note that "Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for * * * sentencing * * *." *State v. Cook*, 83 Ohio St.3d 404, 425 (1998). A hearing to determine restitution is part of sentencing. Consequently, a court is not restricted by the Rules of Evidence, including the prohibition on hearsay, when determining the amount

of a restitution order. *State v. Tuemler*, 12th Dist. Warren No. CA2004-06-068, 2005-Ohio-1240, ¶ 17.

{¶ 13} R.C. 2929.18(A)(1) grants a trial court authority to order restitution by an offender to a victim in an amount commensurate with the victim's economic loss. Prior to imposing a restitution order, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *State v. Hipsher*, 12th Dist. Warren No. CA2011-12-128, 2012-Ohio-3206, ¶ 13. The restitution ordered must "bear a reasonable relationship to the actual loss suffered by the victim." *State v. Stamper*, 12th Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17. A restitution order that does not bear a reasonable relationship to the actual loss suffered by the victim is an abuse of the trial court's discretion. *Id.* A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 181.

{¶ 14} R.C. 2929.18(A)(1) explicitly permits a trial court to "base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." Thus, a victim's loss may be substantiated through documentary evidence or testimony, including that of the victim. E.g. *State v. Hatmaker*, 12th Dist. Butler No. CA2012-10-198, 2013-Ohio-3202, ¶ 6.

{¶ 15} In the present case, the trial court ordered that Lyons pay Stegemoller $9,420 in restitution. That amount was consistent with the values Stegemoller had assigned to the stolen property in his testimony. As stated above, the trial court may base the amount of restitution it orders on an amount recommended by the victim, as long as the amount can be determined within a reasonable degree of certainty. The trial court acted within its discretion when it weighed the credibility of the witnesses and chose to believe the amounts and

contents that Stegemoller testified to over those testified to by Lyons.

{¶ 16} Both Stegemoller and Lyons testified that they had the value of the coins estimated by a professional. Stegemoller testified that he had a local jewelry shop owner examine the coins, while Lyons testified that she had a coin dealer do the same. In weighing the credibility of the witnesses, the trial court appears to have accepted the testimony of Stegemoller while discrediting that of Lyons. The testimony of Stegemoller as to the estimate provided by a local jewelry store owner provided competent, credible evidence upon which the trial court could determine the value of the coins. Accordingly we cannot find that the trial court abused its discretion.

{¶ 17} In light of the foregoing, having found that the trial court's restitution order bore a reasonable relationship to the loss suffered, as evidenced through competent credible evidence of the value of the stolen items, Lyons' sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.