[Cite as *State v. Hines*, 2014-Ohio-3440.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                Court of Appeals No. WD-14-015

    Appellee                                            Trial Court No. 11 CR 276

v.

Dwain Hines                                              **DECISION AND JUDGMENT**

    Appellant                                           Decided:  August 8, 2014

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Gwen Howe-Gebers
and David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Dwain Hines, pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Dwain Hines, was convicted and sentenced following the

acceptance of his guilty plea on June 11, 2012.  He did not file an appeal from this

judgment.  He filed a pro-se petition for post-conviction relief on October 22, 2012, and

sought appointment of counsel to assist him.  His petition was denied on November 16,

2012, and affirmed on appeal on September 13, 2013.  *State v. Hines*, 6th Dist.Wood No.

WD-12-069, 2013-Ohio-3954. He filed a motion for jail-time credit on January 21, 2014, seeking 212 days of credit to be applied to his sentence. The trial court granted his motion in part and denied the motion in part on February 6, 2014. Appellant appeals from the February 6, 2014 judgment asserting the following single assignments of error:

> The Trial Court Erred when it Denied Mr. Hines Jail Time Credit for the time he spent in the Summit County Jail for the Warrant Issued by Wood County.

{¶ 2} We cannot reach the merits of appellant's argument because it is barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Appellant was represented by counsel in the trial court. Appellant could have asserted that the trial court erred in calculating his jail-time credit in a direct of appeal of his conviction and sentence. By failing to file a direct appeal, appellant has waived his right to assert this alleged error. *State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 3, and *State v. Deal*, 3d Dist. Hancock No. 5-08-15, 2008-Ohio-5408, ¶ 8-9. Appellant's sole assignment of error is not well-taken.

{¶ 3} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

2.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____
                                                           JUDGE

Arlene Singer, J.

                                      _____
James D. Jensen, J.                                        JUDGE
CONCUR.

                                      _____
                                                           JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

3.