OPINION
{¶ 1} Defendant-appellant Patricia Weatherholtz ("Weatherholtz") appeals from the judgment of the Court of Common Pleas of Auglaize County convicting her of misuse of a credit card.
 {¶ 2} In September 2001, Weatherholtz befriended Helen Kessens ("Kessens"). Kessens was seventy-eight years of age at that time. Weatherholtz used her friendship with Kessens to gain her confidence and then to make unauthorized expenditures on Kessens' credit cards in the amount of $3,931.00. Weatherholtz additionally stole $12,000.00 from Kessens.
 {¶ 3} On February 1, 2002, the Auglaize County Grand Jury indicted Weatherholtz on one count of theft and one count of misuse of a credit card. Weatherholtz was arraigned on August 17, 2004, and entered pleas of not guilty to both charges. On September 20, 2004, Weatherholtz entered into a plea agreement in which the theft charge was dismissed in exchange for a guilty plea to the misuse of a credit card. As part of the plea agreement, Weatherholtz agreed to make restitution as to all counts of the indictment. A sentencing hearing was held on November 17, 2004. The trial court considered the record, the oral statements made, and the presentence report. Then the trial court sentenced Weatherholtz to 12 months in prison and ordered restitution in the amount of $15,931.99. Weatherholtz appeals from this judgment and raises the following assignment of error.
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in [R.C. 2929.14] resulting in[Weatherholtz] receiving a sentence which is contrary to law.
 {¶ 4} Weatherholtz's assignment of error alleges that the trial court erred by imposing the maximum sentence. In order to impose the maximum sentence, the trial court must make certain findings and must give its reasons for doing so on the record. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 5} A review of the record in this case indicates that the trial court considered all of the relevant statutory factors were considered. Based upon those factors, the trial court found that Weatherholtz had committed the worst form of the offense and that she posed the greatest likelihood of committing future crimes. The trial court then set forth its reasons for these findings on the record. Specifically, the trial court discussed Weatherholtz's extensive list of prior criminal convictions for similar offenses and made the following statements.
Most of the people that the Court sees are really not bad people. Theyhave committed an offense, given in to a temptation. Time and time againpeople come in here as criminal Defendants and talk about how they're nota bad person, they just did something that was wrong and they're sorryfor it, and time and time again this Court looks them square in the eyeand tells them how I know they're not a bad person, that they've justgiven in to a temptation and they have to be punished for it but, they'renot evil; they're not bad; they just have made a mistake, made a reallypoor judgment; in a point of weakness done things that they shouldn't havedone. I won't say that about this Defendant. She's evil and I hope thatthe Parole Board sees that and makes her serve the three (3) years ofPost Release Control.
Tr. 28. Since the trial court made the required findings and set forth its reasons for those findings on the record, this court does not find any error in the trial court's sentence. The assignment of error is overruled.
 {¶ 6} The dissent sua sponte raises the issue of the amount of restitution as being plain error of the trial court. Specifically the dissent claims that Weatherholz cannot be required to pay restitution for an offense for which she was not convicted. Here, Weatherholtz agreed to plead guilty to the charge of misuse of a credit card and pay restitution for all charges in exchange for the dismissal of the theft charge. Thus, Weatherholtz knew that she would be responsible for the total amount of loss, not just that resulting from the misuse of a credit card. Having agreed to pay that amount, Weatherholtz cannot now and has not sought to change the agreement that she entered with the state. Thus there is no error in this regard for this court to recognize on its own motion.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
 Shaw, J, concurs.
 Rogers, J., concurs in part and dissents in part.