OPINION
{¶ 1} Defendant-appellant, Michael A. Policaro ("appellant"), appeals from the September 13, 2006, judgment of the Franklin County Court of Common Pleas, which ordered him to pay restitution in the amount of $73,500. Plaintiff-appellee is the State of Ohio ("the State").
 {¶ 2} On October 19, 2005, appellant was indicted on one count of theft, in violation of R.C. 2913.02, a felony of the second degree. The indictment alleged that appellant *Page 2 
purposefully deprived Esther Antler ("Ms. Antler"), an elderly person, of money in an amount exceeding $25,000.
 {¶ 3} On June 17, 2006, appellant pled guilty to one count of theft, a stipulated lesser felony of the third degree. The trial court ordered a presentence investigation and held a sentencing hearing on August 14, 2006. Thereafter, the trial court sentenced appellant to five years of community control and ordered appellant to pay restitution to Ms. Antler in the amount of $73,500.
 {¶ 4} Appellant filed a timely notice of appeal, and presents a single assignment of error for our consideration:
 THE TRIAL COURT ERRED BY ORDERING RESTITUTION IN EXCESS OF THE AMOUNT OF ECONOMIC LOSS FOR THE INDICTED OFFENSE.
 {¶ 5} By his only assignment of error, appellant argues that the trial court erred in ordering him to pay restitution in the amount of $73,500, which he asserts is excessive and not based on Ms. Antler's actual economic loss.
 {¶ 6} Preliminarily, we note that appellant did not object to the order of restitution, or to the amount ordered in the trial court. Accordingly, we review the record for plain error. Plain error is an obvious error that affects a substantial right. State v. Yarbrough, 95 Ohio St.3d 227, 227, 2002-Ohio-2126, citing State v. Keith (1997), 79 Ohio St.3d 514, 518. "Notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice." State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28. *Page 3 
 {¶ 7} R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution to a victim, or to a third party in an amount paid to the victim in an amount based upon the victim's economic loss. "The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1). However, the amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v.Sommer, 14 Ohio App.3d 421, 2003-Ohio-5022; State v. Gears (1999),135 Ohio App.3d 297, 300.
 {¶ 8} In this case, the State, and not appellant, filed the transcript of the sentencing hearing. Upon our review of same, we find no plain error in the circumstances before us. The amount of restitution ordered was supported by Ms. Antler's testimony (Hearing Trans. at 3-5), which was sufficient evidence to establish the value of her loss for the purpose of the trial court's restitution order. See, e.g., State v.Anderson, Hamilton App. Nos. C-050785, C-050786, 2006-Ohio-4602, at ¶ 9; State v. Gregg, Ashtabula App. No. 2006-A-0013, 2007-Ohio-1201, at ¶ 58; State v. Morgan, Lake App. No. 2005-L-135, 2006-Ohio-4166, at ¶ 30; In re Hatfield, Lawrence App. No. 03CA14, 2003-Ohio-5404, at ¶ 8,9 (citations omitted). Thus, we find there was sufficient, competent, and credible evidence to support the trial court's order of restitution.
 {¶ 9} Based on the foregoing, we find that the trial court's restitution order did not affect appellant's substantial rights, and we find that the trial court did not commit plain *Page 4 
error when it ordered appellant to pay restitution in the amount of $73,500.00. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and KLATT, JJ., concur. *Page 1