OPINION
{¶ 1} Defendant-appellant, Michelle Strickland, appeals from a judgment of the Franklin County Court of Common Pleas ordering restitution as part of the sentence imposed upon defendant for one count of forgery. Defendant assigns a single error:
 THE TRIAL COURT ABUSED THE DISCRETION GRANTED TO IT PURSUANT TO R.C. 2929.18 WHEN IT ORDERED DEFENDANT-APPELLANT TO PAY RESTITUTION IN THE AMOUNT OF $31,726.00. *Page 2 
Because the trial court's order that defendant pay $31,726 in restitution for her forgery conviction is supported by competent, credible evidence and in accordance with law, we affirm.
 {¶ 2} On October 19, 2006, defendant was indicted on one count of theft in violation of R.C. 2913.02, a third-degree felony, and one count of forgery in violation of R.C. 2913.31, a fifth-degree felony. The theft count alleged that over a five-year period ending in September 2005 defendant committed multiple theft offenses in which she purposefully deprived her employer, Brecks Paving, Inc., of checks, credit charges, and other money totaling over $100,000. The forgery count alleged that on September 14, 2005 defendant forged the signature of Kevin Bloxam on a "hold harmless" letter in order to defraud or facilitate a fraud. Kevin Bloxam and his wife, Barbara Bloxam, own Breck's Paving, Inc.
 {¶ 3} On December 18, 2007, defendant entered into a written plea agreement with the state in which defendant agreed to plead guilty to the forgery count in exchange for the state's requesting a nolle prosequi on the theft count. The joint recommendation section of the written plea agreement states: "*parties agree restitution is not capped at $5000.00 but to be determined by the Court."
 {¶ 4} At the hearing on defendant's guilty plea, the prosecution presented the factual predicate for the forgery offense, advising the court that because Breck's Paving, Inc. employed defendant to pay the company's accounts payable, she had access to company checks. In September 2005, upon their bank's notifying them, the Bloxams became aware defendant was writing checks on Breck's Paving, Inc.'s bank account to *Page 3 
pay her personal bills. The Bloxams questioned defendant, who paid them some restitution after admitting she wrote two company checks to cover personal bills. After questioning defendant, the Bloxams examined their company's account books and discovered that between May 2000 and September 2005 defendant had written over $130,000 in company checks to pay for personal items, including unpaid balances on her personal credit cards and utilities for her home.
 {¶ 5} Defendant, represented by counsel, took no exception to the prosecution's recitation of the facts, and defendant admitted her guilt to the charged forgery offense. The court accepted defendant's plea, found her guilty of the forgery offense, and ordered a presentence investigation.
 {¶ 6} On January 31, 2008, the trial court conducted the sentencing hearing, at which the state presented evidence regarding the economic loss to the Bloxams as a result of defendant's conduct. In addition to the testimony of Kevin and Barbara Bloxam concerning the matter, the state presented two exhibits. The first exhibit is a document containing an itemized list of checks in amounts totaling $131,461.01 that defendant allegedly wrote between May 15, 2000 and August 24, 2005 to pay her personal expenses.
 {¶ 7} The second exhibit includes the "hold harmless" letter on which defendant admitted forging Kevin Bloxam's signature. The letter states that Kevin Bloxam, as "Owner" of Breck's Paving, Inc., will hold Cross Country Bank "harmless of any past, present or future payments coming from Breck's Paving, Inc. [sic] checking account" arising from defendant's conduct. The typed letter is on Breck's Paving, Inc.'s stationery *Page 4 
and contains a notarized signature purporting to be that of Kevin Bloxam but defendant actually signed his name.
 {¶ 8} The state requested that defendant pay restitution in the amount of $126,904.44, which reflects an offset of $4,500 for restitution defendant made prior to the sentencing hearing. Defendant, through counsel, objected to any order of restitution as unlawful, arguing the victims' economic losses arose from the dismissed theft charges, not the forgery offense to which defendant pleaded guilty. Consistent with the sentence imposed at the sentencing hearing, the trial court filed a judgment entry on February 1, 2008, finding defendant guilty of one count of forgery, entering a nolle prosequi on the theft count of the indictment, sentencing defendant to five years of community control, and ordering her to pay restitution to Breck's Paving, Inc. in the amount of $31,726.
 {¶ 9} In her appeal, defendant asserts the trial court erred in ordering her to pay $31,726 in restitution. Defendant contends all the financial losses relate to the dismissed theft charge and the trial court therefore could not lawfully order her to pay any amount of restitution as part of her sentence for the forgery conviction.
 {¶ 10} R.C. 2929.18(A) permits a trial court that is imposing a sentence for a felony conviction to sentence the offender to any financial sanction or combination of financial sanctions authorized by law. Among the sanctions R.C. 2929.18(A) authorizes is restitution. R.C. 2929.18(A)(1) allows the sentencing court to order "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." "Economic loss" is defined as "any economic detriment suffered by a *Page 5 
victim as a direct and proximate result of the commission of an offense[.]" R.C. 2929.01(M).
 {¶ 11} Generally, an offender cannot be ordered to pay restitution for damages attributed to an offense for which the offender was charged, but not convicted. State v. Williams, Logan App. No. 8-03-25,2004-Ohio-2801, ¶ 23; State v. Ellis, Washington App. No. 02CA48, 2003-Ohio-2243; State v. Hafer (2001), 144 Ohio App.3d 345, 348;State v. Hooks (2000), 135 Ohio App.3d 746, 749. Accordingly, as a general rule, restitution is limited to the economic loss caused by the illegal conduct for which the defendant was convicted. Id.
 {¶ 12} Nonetheless the law allows restitution for damages relating to dismissed charges where restitution is part of a defendant's plea agreement. Appellate courts of this state thus have upheld a trial court's order for a defendant to pay restitution relating to dismissed charges where (1) the defendant entered into a plea agreement in which he or she agreed to plead guilty to some charges contained in the indictment in exchange for the dismissal of other charges in the indictment, and (2) the defendant agreed, as part of the consideration for the plea agreement, to provide restitution to the victims for damages caused by his or her conduct for which criminal charges were dropped under the plea agreement. See State v. Rosebrook, Logan App. No. 8-05-07, 2006-Ohio-734 (affirming restitution order of $87,882.13 where defendant entered guilty plea to nine counts of the indictment in exchange for dismissal of 16 counts of the indictment and defendant expressly agreed to pay "restitution as determined by the Court" in connection with the dismissed counts); State v. Weatherholtz, Auglaize App. No. 2-04-47, 2005-Ohio-5269 *Page 6 
(affirming $15,931.99 in restitution where defendant entered guilty plea to misuse of credit card in exchange for dismissal of theft charge and defendant agreed to make restitution as to all counts of the indictment). Compare Ellis, Hafer, and Hooks, supra (all holding defendant could not be ordered to pay restitution for damages attributable to offenses that were dismissed as part of the plea agreements where the defendants did not agree to provide restitution and the plea agreements were silent concerning restitution).
 {¶ 13} In this case, unlike Rosebrook and Weatherholtz, the statement in defendant's plea agreement does not constitute a clear, express agreement from defendant to pay restitution as to the count of the indictment that was dismissed under her plea agreement. UnlikeEllis, Hafer, and Hooks, however, the plea agreement is not silent on the issue. The facts here fall somewhere between the two lines of cases, but several factors convince us the trial court properly required defendant to pay restitution.
 {¶ 14} Initially, defendant's indictment charged her with forgery, alleging that on September 14, 2005 defendant forged the signature of Kevin Bloxam on a "hold harmless" letter in order to defraud or facilitate a fraud. The indictment itself thus linked the monetary loss the Bloxams suffered with the forgery allegations, charging that the forgery either defrauded or enabled defendant to defraud. The misconduct the "fraud" allegations reference is defendant's misusing Breck's Paving, Inc.'s checkbook, as indicated in the prosecution's statement of facts underlying defendant's guilty plea to forgery.
 {¶ 15} Thus, contrary to defendant's assertion, the forgery was not a wholly separate and distinct act that bore no relationship to the underlying theft offenses. "A hold *Page 7 
harmless agreement is `[a] contractual arrangement whereby one party assumes the liability inherent in the undertaking, thereby relieving the other party of the responsibility.'" Hofelich v. King, Cuyahoga App. No. 87804, 2007-Ohio-711, at ¶ 13, citing Valhal Corp. v. Sullivan Assoc,Inc. (C.A.3, 1995), 44 F.3d 195, 202, quoting Black's Law Dictionary (5 Ed. 1979) 658. Defendant sent the bank the hold harmless letter bearing Kevin Bloxam's forged signature in order to shield her misconduct, conceal the victims' financial losses, and allow her to continue to write checks totaling more than $130,000 on Breck's Paving, Inc.'s checking account.
 {¶ 16} Secondly, the language in the plea agreement cannot be ignored. It states the "*parties agree restitution is not capped at $5000.00 but to be determined by the Court." Defendant thus agreed to two aspects of restitution: "that restitution for the forgery offense is not capped at $5000.00" and that it is "to be determined by the Court." Defendant would have no reason to agree to such language unless she anticipated a restitution order. Moreover, by not limiting the import of the statement in the plea agreement with language suggesting a restitution award might not be appropriate, the concession in the plea agreement, coupled with the nature of the forgery allegations in the indictment, provides a legal basis for the trial court's order of restitution.
 {¶ 17} Finally, we note defendant's failure to object to the state's recitation of the facts. While defendant's failure to object arguably further supports the propriety of the trial court's order, we note the lack of objection because the prosecution's recitation of facts gave the trial court the factual predicate to determine the amount of restitution. The *Page 8 
prosecution's evidence demonstrated defendant's illegal conduct facilitated a $130,000 loss to the Bloxam's through Breck's Paving, Inc.
 {¶ 18} Given the three factors noted, and under the somewhat unique circumstances of this case, we conclude the trial court did not err in ordering defendant to pay restitution for the forgery offense. We further conclude the trial court did not err in the amount of restitution it ordered defendant to pay.
 {¶ 19} A trial court is authorized to order an offender to make restitution to a victim in an amount based on the victim's economic loss. R.C. 2929.18(A)(1). The amount of restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty. State v. Policaro, Franklin App. No. 06AP-913,2007-Ohio-1469, at ¶ 7, citing State v. Sommer, 154 Ohio App.3d 421,2003-Ohio-5022; State v. Gears (1999), 135 Ohio App.3d 297, 300, appeal not allowed (2000), 88 Ohio St.3d 1432. "The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1).
 {¶ 20} Here, the amount of restitution the trial court ordered is supported by: (1) Kevin Bloxam's testimony that defendant stole between $25,000 and $35,000 a year from Breck's Paving, Inc. during the five-year period she worked for the company, (2) documentary evidence itemizing the company checks and their respective amounts totaling $131,461.01 that defendant wrote for her personal expenses, and (3) defendant's admissions to factual assertions the prosecution presented in support of defendant's *Page 9 
guilty plea. The amount of restitution the trial court ordered thus has ample record support. See Policaro, supra, at ¶ 8; State v. Gregg, Ashtabula App. No. 2006-A-0013, 2007-Ohio-1201, at ¶ 58; State v.Morgan, Lake App. No. 2005-L-135, 2006-Ohio-4166, at ¶ 30, appeal not allowed, 112 Ohio St.3d 1442, 2007-Ohio-152.
 {¶ 21} Even if the trial court did not err in determining the amount of restitution, defendant argues the trial court failed to take into consideration her ability to pay the restitution. Defendant contends payment of any restitution is "simply unfeasible" because she has a "troubled financial situation."
 {¶ 22} The trial court need not hold a hearing on the issue of financial sanctions, and no express factors exist that the court must consider or make on the record. The court need only "consider the offender's present and future ability to pay the amount" before it imposes the sanction of restitution. R.C. 2929.18(E), 2929.19(B)(6);State v. Rigsbee, Champaign App. No. 06-CA-41, 2007-Ohio-6267, at ¶ 30, appeal not allowed, 117 Ohio St.3d 1461, 2008-Ohio-1635; State v.Culver, 160 Ohio App.3d 172, 2005-Ohio-1359, at ¶ 57; State v.Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439, appeal not allowed,96 Ohio St.3d 1469, 2002-Ohio-3910.
 {¶ 23} A review of the record demonstrates the trial court adequately took into consideration defendant's ability to pay when it ordered her to pay restitution. At the sentencing hearing, the trial court acknowledged it had read the presentence investigation report and defendant's sentencing memorandum. In the sentencing memorandum and again at the sentencing hearing, defendant, through defense counsel, advised the court that, according to the presentence investigation report not in the record before this court, *Page 10 
defendant is married, has two children, makes $16.80 an hour, works full time, and is the main source of income for her family. The trial court stated in its judgment entry that it "has considered the Defendant's present and future ability to pay a fine and financial sanction." The judgment entry then states that "DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $31,726.00 TO BRECK'S PAVING, ATTN: KEVIN OR BARB BLOXAM[.]" The record thus reflects the trial court adequately considered defendant's ability to pay when it ordered her to pay restitution in the amount of $31,726. See Finkes, supra; State v. Prodonovich, Lake App. 2002-L-116, 2005-Ohio-3090, at ¶ 68, delayed appeal denied,107 Ohio St.3d 1421, 2005-Ohio-6124.
 {¶ 24} Because competent, credible evidence supports the trial court's order that defendant pay $31,726 in restitution for her forgery offense, and the order is authorized by law, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SADLER and TYACK, JJ., cocur.