The STATE of Ohio, Appellee,

v.

BUCKEYE TRUCK AND TRAILER LEASING,
INC., d.b.a. Buckeye Haulers, Appellant.

[Cite as *State v. Buckeye Truck & Trailer Leasing,
Inc.*, 187 Ohio App.3d 309, 2010-Ohio-1699.]

Court of Appeals of Ohio,
Sixth District, Wood County.

Nos. WD–09–052, WD–09–053.

Decided April 16, 2010.

Paul A. Dobson, Wood County Prosecuting Attorney, and Gwen Howe–Gebers, Chief Assistant Prosecuting Attorney, for appellee.

Konrad Kuczak, for appellant.

SINGER, Judge.

{¶ 1} Appellant corporation appeals a judgment of conviction for two counts of failure to notify about missed premiums and termination of coverage, R.C. 3999.32(F) and 3999.99(F), after a no-contest plea in the Wood County Court of Common Pleas. For the reasons that follow, we affirm.

{¶ 2} Appellant, Buckeye Truck and Trailer Leasing, Inc, d.b.a. Buckeye Haulers, is a Bradner, Ohio trucking company owned and operated by William and Joann May. Appellant provided health insurance for its employees, with the employee portion of the insurance cost being withheld by payroll deduction. At some point in the spring of 2008, and forward, appellant failed to make premium

payments on its employees' policy. Appellant continued to withhold the employee-cost portion from its employees' pay. When coverage was subsequently cancelled, appellant failed to timely notify its employees.

{¶ 3} R.C. 3999.32(B) provides:

{¶ 4} "Each person to whom a group policy or contract of sickness and accident insurance or other health care coverage has been delivered or issued for delivery in this state by a health insurer shall make a reasonable effort to notify every certificate holder * * * who is covered under that policy or contract whenever the person fails to make a required premium payment or contribution on behalf of the certificate holder and that failure results in the termination of coverage. The person shall mail or present the notice to the certificate holder or certificate holder's designee no later than five days after the date on which the person receives the notice from the health insurer * * *." One who knowingly fails to comply with this provision is guilty of a fourth-degree felony. R.C. 3999.32(F) and 3999.99(F).

{¶ 5} On December 4, 2008, a Wood County Grand Jury handed down indictments naming William May, d.b.a. Buckeye Truck and Trailer Leasing, Inc., and Joann May, d.b.a. Buckeye Truck and Trailer Leasing, Inc. William May was charged with three counts of violating R.C. 3999.32 and Joann May with three counts of violating R.C. 3999.32, two counts of failure to file a tax-withholding return, two counts of failure to remit withholding taxes, and a single count of felony theft.

{¶ 6} William and Joann May initially pleaded not guilty, but following plea negotiations, they agreed to enter a plea of no contest to two counts each of violating R.C. 3999.32 on behalf of the corporation, if they were personally dismissed from the indictment and the remainder of the charges were dismissed.

{¶ 7} On May 26, 2009, the trial court accepted the Mays' no-contest plea on behalf of the corporation and found the corporation guilty. The court ordered restitution of $3,814.20 to one former employee and $11,730.06 to another and ordered the corporation to pay a $5,000 fine for each of the two counts in the indictments. From this judgment, appellant now brings this appeal. Appellant sets forth the following four assignments of error:

{¶ 8} "1. The conviction of Buckeye Truck and Trailer Leasing, Inc., for violating ORC § 3999.32 and ORC § 3999.99 is void.

{¶ 9} "2. The trial court violated the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio [Constitution] by imposing two penalties for the same offense.

{¶ 10} "3. The trial court committed prejudicial error by ordering restitution absent any evidence from which the amount could be ascertained with reasonable certainty.

{¶ 11} "4. The trial court committed prejudicial error by ordering restitution paid to Pamela Friedhoff."

## I. "Person"

{¶ 12} In its first assignment of error, appellant insists that the judgment of conviction against it is void because the language of R.C. 3999.32 requires that one whose acts constitute a violation of the statute must be a "person." Unlike the criminal provisions of R.C. Title 29, which contain an express definition of "person" as including a corporation, R.C. 2901.01(B)(1)(a)(i), there is no such provision in R.C. Title 39. Consequently, appellant maintains, the indictment against it is faulty and the conviction derived from the indictment is void.

{¶ 13} R.C. 1.59(C) provides:

{¶ 14} "As used in any statute, unless another definition is provided in that statute or a related statute:

{¶ 15} " * * *

{¶ 16} " 'Person' includes an individual, corporation, business trust, estate, trust, partnership, and association."

{¶ 17} There is no provision in R.C. Title 39 that provides an alternative definition for the word "person." As a result, a "person" in R.C. 3999.32 includes a corporation.

{¶ 18} Accordingly, appellant's first assignment of error is not well taken.

## II. Double Jeopardy

{¶ 19} Appellant maintains in its second assignment of error that the imposition of $5,000 fines for each count of the indictment[1] constitutes double punishment for a single offense in violation of the double-jeopardy protection found in the Fifth Amendment and Section 10, Article I, Ohio Constitution.

{¶ 20} R.C. 3999.32 requires an employer "to notify every certificate holder" covered under the policy when the employer fails to make a required premium payment and that failure results in the cancellation of coverage. In our view, this

---

1. Counts 1 and 2 in the two indictments were identical. When William and Joanne May were dismissed as defendants, the trial court maintained the separate indictments. The court issued a sentencing order for each indictment, with each order imposing a $5,000 fine, for a total of $10,000 for the entire case. Irrespective of whether we view this as a fine from separate indictments or from separate counts, there were two discrete victims named.

language represents the intent of the legislature that each failure to notify an individual insurance "certificate holder" constitutes a separate offense. Such an intent negates any question of a Fifth Amendment violation. *State v. Jones* (1985), 18 Ohio St.3d 116, 118, 18 OBR 148, 480 N.E.2d 408; *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 48. Accordingly, appellant's second assignment of error is not well taken.

### III. Restitution

{¶ 21} In its third assignment of error, appellant asserts that the trial court erred in awarding restitution without evidence of the specific loss suffered by each individual to whom restitution was ordered.

{¶ 22} At the plea hearing, the state reported that two of the employees affected by the termination of insurance had medical expenses during the cancellation period:

{¶ 23} "So at this time as part of the agreement, we are asking that as to Carolyn Duquette $3,814.20 restitution be ordered. And as to Pamela Friedhoff in the amount of $11,730.06 be ordered. That takes into account the monthly premiums being withdrawn and the bills that were incurred after the termination notice should have been given." The underlying component statements for these premiums and medical costs were provided to appellant in discovery and made part of the record.[2]

{¶ 24} At that hearing, appellant did not object to the restitution order, nor did it challenge the amounts requested. The court ordered restitution in the amounts requested.

{¶ 25} As part of a felony sentence, a court may order restitution to a victim based on the victim's economic loss. "If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1).

{¶ 26} By the clear language of the restitution statute, a court need only hold a hearing on the award if one of the named actors disputes the amount. Absent such a challenge, the court may rely on the recommendation of the victim,

---

**2.** Compare *State v. Coburn*, 6th Dist. No. S–09–006, 2010-Ohio-692, 2010 WL 682526, ¶ 10.

estimates of cost, or "other information." The only restriction on this reliance is that the amount of the award may not exceed the economic loss directly resulting from the offense.

{¶ 27} It seems reasonable to conclude that if no hearing need be held without a dispute of the amount of restitution, such a dispute must be brought to the court's attention at the time the amount of restitution is set forth. Here, the court was presented with the recommendation of the victim and cost estimates as voiced by the state and supported in the record by the underlying statements. Appellant did not dispute the amounts presented by the state. Indeed, the record reveals that appellant never presented any dispute of the restitution amounts to the trial court.

{¶ 28} There is a strong argument that failure to refute the amount of restitution during the hearing constitutes a waiver, but we need not go that far. Appellant failed to raise any objection in the trial court. "Normally, an appellate court need not consider an error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court." *State v. Hill* (2001), 92 Ohio St.3d 191, 196, 749 N.E.2d 274, citing *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 364 N.E.2d 1364. Consequently, absent plain error, any error is deemed waived. Crim.R. 52(B) provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to affect a substantial right, it must affect the outcome of the trial. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. The purported error complained of here does not rise to that level. Accordingly, appellant's third assignment of error is not well taken.

IV. Restitution to Unnamed Victim

{¶ 29} In its final assignment of error, appellant complains that it was error for the trial court to award restitution to a person who was not named in one of the counts that remained after amendment of the indictment. On the authority of *State v. Strickland,* 10th Dist. No. 08AP–164, 2008-Ohio-5968, 2008 WL 4927438, ¶ 12, appellant's fourth assignment of error is not well taken.

{¶ 30} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs pursuant to App.R. 24.

Judgment affirmed.

OSOWIK, P.J., and COSME, J., concur.