[Cite as *State v. Bailey*, 2016-Ohio-3516.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA16 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| THOMAS H. BAILEY, Jr., | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 06/15/16** |

_____
APPEARANCES:

Brian A. Smith, Barberton, Ohio, for Appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Assistant Washington County Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Thomas Bailey appeals from the trial court's order of restitution entered after he pled guilty to two counts of theft involving an elderly person, in violation of R.C. 2913.02. On appeal, Appellant contends that 1) the record does not support the amount of restitution imposed by the trial court; 2) the trial court's decision to impose restitution upon Appellant to victims of counts that had been dismissed was plain error; and 3) the failure of Appellant's trial counsel to object to the trial court's restitution order constituted ineffective assistance of counsel. Because the trial court's

restitution awards to each victim were supported by competent, credible evidence, we find no abuse of discretion related to the restitution awards and Appellant's first assignment of error is overruled. In light of the fact that Appellant agreed to make restitution to the victims of the dismissed counts as part of his plea agreement, there was no plain error in the trial court's award of restitution to the victims of the dismissed counts, and Appellant's second assignment of error is overruled. Finally, because Appellant has not demonstrated deficient performance by counsel that resulted in prejudice, we cannot conclude that he received ineffective assistance of counsel. Thus, Appellant's third assignment of error is also overruled. Accordingly, the decision of the trial court is affirmed.

## FACTS

{¶2} Appellant, Thomas Bailey, was indicted on four felony theft counts on August 29, 2014. Specifically, Appellant was indicted as follows: count one, theft from an elderly person [Earl Totten] in violation of R.C. 2913.02(A)(2) and (B)(3), a third degree felony; count two, theft from an elderly person [Wesley Deem] in violation of R.C. 2913.02(A)(2) and (B)(3), a fifth degree felony; count three, theft (Mary Kay Batten) in violation of R.C. 2913.(A)(2) and (B)(2), a fifth degree felony; and theft [Martha Smith] in violation of R.C. 2913.02(A)(2) and (B)(2), a fifth degree

felony.  These charges stemmed from contracts for home improvement work between Appellant and the various victims.

{¶3}  Appellant subsequently entered into a negotiated plea agreement whereby he agreed to plead guilty to counts one and two in exchange for the dismissal of counts three and four.  The record reveals that an express term of the plea agreement was that Appellant would make restitution to all four victims, including the victims of the dismissed counts.  A restitution hearing was subsequently held where each victim testified regarding their economic loss.  The victim testimony will be discussed in more detail below. Appellant presented evidence in his defense in the form of testimony from Stephen Studenic, who he works with, and he also spoke on his behalf. After hearing the evidence presented, the trial court awarded restitution as follows:  Earl Totten, $28,700.00; Wesley Deem, $527.08; Mary Kay Batten, $3,000.00; and Martha Smith, $6,000.00.  It is from the trial court's order of restitution that Appellant now brings his appeal, setting forth three assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.    THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S RESTITUTION AMOUNT IMPOSED UPON APPELLANT.

II.    THE TRIAL COURT'S DECISION TO IMPOSE RESTITUTION UPON APPELLANT, TO VICTIMS OF COUNTS THAT HAD BEEN DISMISSED, WAS PLAIN ERROR.

III.  THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO OBJECT TO THE TRIAL COURT'S RESTITUTION ORDER CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL."

ASSIGNMENT OF ERROR II

{¶4} We address Appellant's assignments out of order for ease of analysis.  In his second assignment of error, Appellant contends that the trial court erred in imposing restitution related to counts that had been dismissed. The State contends that restitution was part of Appellant's plea agreement. We begin our analysis by considering the standard of review we must apply when reviewing an award of restitution.  " 'Generally, a decision to award restitution lies in a trial court's sound discretion and its decision will not be reversed on appeal absent an abuse of discretion.' " *State v. Savage*, 4th Dist. Meigs No. 15CA2, 2015-Ohio-4205, ¶ 25; quoting *State v. Stump*, 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, ¶ 11; *State v. Maddox*, 8th Dist. Cuyahoga No. 102133, 2015-Ohio-2859, ¶ 13.  "An abuse of discretion is an unreasonable, arbitrary, or unconscionable use of discretion, i.e., a view or action that no conscientious judge could honestly have taken." *State v. Savage* at ¶ 25; citing *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67; *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 20.

**{¶5}** Further, as a general rule, "a defendant cannot pay restitution for damages attributable to an offense for which he was charged, but not convicted." *State v. Savage* at ¶ 18; citing *State v. Smallwood*, 4th Dist. Meigs No. 15CA1, 2015-Ohio-2725, ¶ 15; *State v. Durham*, 4th Dist. Meigs Nos. 13CA2 and 13CA3, 2014-Ohio-4915, ¶ 26; *State v. Ellis*, 4th Dist. Washington No. 02CA48, 2003-Ohio-2243, ¶ 8-9. However, "a well-settled exception to this general rule authorizes restitution for damages related to dismissed charges where restitution is part of a defendant's plea bargain." *State v. Savage* at ¶ 19; citing *State v. LaChance*, 11th Dist. Portage No. 2014-P-0026, 2015-Ohio-2609, ¶ 18; *Ellis* at ¶ 8-9. We note, however, that Appellant's trial counsel did not object to the imposition of restitution with respect to the dismissed counts. Thus, Appellant has forfeited all but plain error with respect to this argument. *Smallwood* at ¶ 10.

**{¶6}** For a reviewing court to find plain error there must be (1) an error, i.e, a deviation from a legal rule, (2) the error must be plain, and (3) the error must have affected substantial rights, i.e., it must have affected the outcome of the proceeding. See *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 81; citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Notice of plain error is taken " 'with the utmost caution, under exceptional circumstances, and only to prevent a

manifest miscarriage of justice.' " *State v. Mammone*, 139 Ohio St.3d 467,

2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69; quoting *State v. Long*, 53 Ohio

St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶7} As this Court has recently noted in *Savage* at ¶ 19:

"Appellate courts have upheld trial court orders for defendants

to pay restitution related to dismissed charges when (1) the

defendant entered into a plea agreement in which he or she

agreed to plead guilty to some charges contained in the

indictment in exchange for the dismissal of other charges in the

indictment, and (2) the defendant agreed as part of the

consideration for the plea agreement, to provide restitution for

damages caused by the conduct that formed the basis of the

dismissed criminal charges. See *State v. Strickland*, 10th Dist.

Franklin No. 08AP-164, 2008-Ohio-5968, ¶ 12, citing *State v.*

*Rosebrook*, 3rd Dist. Logan No. 8-0507, 2006-Ohio-734

(affirming restitution order where defendant pleaded guilty to

nine counts of indictment in exchange for the dismissal of 16

counts of the indictment and defendant expressly agreed to pay

restitution as determined by the court in connection with the

dismissed counts), and *State v. Weatherholtz*, 3rd Dist.

Auglaize No. 2-04-47, 2005-Ohio-5269 (affirming restitution

order where defendant entered guilty plea to one charge in

exchange for dismissal of another charge and defendant agreed

to make restitution on all counts of the indictment).”

{¶8} A review of the record reveals that Appellant was initially

indicted on two counts of theft from an elderly person and two counts of

theft, all felonies in violation of R.C. 2913.02. The first count was a third

degree felony and the rest were fifth degree felonies. As part of a negotiated

plea agreement, Appellant pled guilty to counts one and two, and counts

three and four were dismissed. The written plea of guilt appearing in the

record states “Plead to counts 1 and 2, counts 3 and 4 will be dismissed,

restitution for all counts. Defendant will be released on bond in order to

effect a liquidation of assets to go toward restitution.” Further, the transcript

from the change of plea hearing contains the following:

“THE COURT:     As part of the plea agreement in this case,

the – the Defendant is trying to liquidate assets and work

towards restitution, and the Court’s going to order that

whatever motor vehicle titles have been seized by law

enforcement will be returned to at least his attorney, Attorney

Jedlink, constructive possession to assure that – that the

liquidation and restitution matters are addressed.  I also wanted to indicate that while there's no agreed disposition, it's the Court's inclination to order no additional jail, so long as you exercise good faith in liquidating the assets and working towards restitution.

THE DEFENDANT:      Yes, sir.

THE COURT:      And with regard to restitution, the agreement is that the restitution will be applied to all four counts, even though Counts 3 and 4 are being dismissed, and the Court is going to hold a hearing.  Counsel's going to file a motion –

MR. JEDLINK:    Yes.

THE COURT:      -- and we're going to hold a hearing.  We're going to seek victim impact statements and address what the precise restitution figures are at a hearing for that limited purpose.  I want to make the record clear.

* * *

THE COURT:      * * * You're to have no contact with any of the victims in this particular case.  And we'll deal with the

restitution issues formally through the court process, and that

would be a condition of the bond.  Anything else:

MR. SCHNEIDER:         And it'd be all four victims, even the

two dismissed.

THE COURT:      Right, the counts that are dismissed, it's all

the victims. –

MR. SCHNEIDER:         Right.

THE COURT:         -- that were in the original indictment."

{¶9}  Based upon a review of the foregoing, we conclude that the record could not be any clearer that Appellant agreed to make restitution on all four counts of the original indictment as part of his plea agreement.  This is true despite the fact that counts three and four were dismissed.  In fact, it appears that said term was a key part of the agreement, and also the basis for the trial court's allowance of a modified bond.  Thus, the trial court did not commit error, let alone plain error, in ordering Appellant to make restitution to the victims of the dismissed counts three and four.  Accordingly, Appellant's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

{¶10}  In his first assignment of error, Appellant contends that the amount of restitution imposed by the trial court is not supported by the

record.  As set forth above, a decision to award restitution generally lies in a trial court's sound discretion and such decision will not be reversed on appeal absent an abuse of discretion. *State v. Savage*, supra, at ¶ 25. However, " ' "[T]he amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." ' " *Savage* at ¶ 25; quoting *State v. Jackson*, 4th Dist. Ross No. 11CA3263, 2012-Ohio-4235, ¶ 9; quoting *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 10.

{¶11}  R.C. 2929.28(A)(1) authorizes a trial court to award "[r]estitution in an amount based on the victim's economic loss." " 'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *." *Savage* at ¶ 26; quoting R.C. 2929.01(L).  Based upon the following, we conclude that the trial court's award of restitution to each victim was supported by competent credible evidence.

{¶12}  After hearing testimony from all four victims at the restitution hearing, the trial court awarded restitution as follows:  Earl Totten, $28,700.00; Wesley Deem, $527.08; Mary Kay Batten, $3,000.00; and Martha Smith, $6,000.00.  Earl Totten, age seventy, was the victim on count

one. The trial court awarded Mr. Totten $28,700.00 in restitution. Mr.
Totten testified that he contracted with Appellant to build a garage with a
studio underneath it. He testified that the original contract price was
$20,000.00 to build the garage, but that later additions to the project,
specifically a deck, took the contract price to $31,000.00. Mr. Totten
testified that he initially gave Appellant a check for $10,000.00, towards the
garage contract and then gave him another check for $11,000.00 for the deck
addition. He also gave Appellant a check for $2,700.00 for a separate
project that involved replacing windows in his existing house. He testified
that he subsequently gave Appellant a check for $5,000.00 to cover the cost
of the block for the garage project. Thus, the testimony at the hearing
indicated that Mr. Totten paid Appellant a total of $28,700.00. Mr. Totten
testified that all Appellant did was dig a hole and footers and spread some
dirt around before the work stopped. He testified that he had been unable to
hire someone else to complete the work because the price to finish the job
was quoted to him at $50,000.00, which he could not afford. Essentially,
Mr. Totten is now left with a big hole in his yard and no funds left to
complete the project.

{¶13} Appellant offered testimony by Stephen Brady Studenic in his
defense. Mr. Studenic worked with Appellant on the projects at issue. Mr.

Studenic testified, with respect to the Totten contract, that a hole and footers were dug, which he estimated constituted 10% of the total project. After reviewing the testimony offered during the restitution hearing, we conclude that competent, credible evidence supports the trial court's decision to award Mr. Totten $28,700.00. Appellant does not dispute that he took $11,000.00 for a deck that he never built and $2,700.00 for windows he never replaced. He also failed to refute that he accepted $15,000.00 towards the $20,000.00 garage project, for which he only dug a hole and footers.

{¶14} Although Appellant disputes the amount of restitution awarded to Mr. Totten, and claims that he performed 10% of the work that was contracted for, R.C. 2929.18 provides that restitution may be ordered in an amount based upon the victim's economic loss. There is evidence in the record that Mr. Totten paid Appellant $28,700.00 in total and was left with nothing but a hole in his yard that he could afford to do nothing with. We therefore conclude that the Totten restitution award is supported by competent, credible evidence, and thus we cannot conclude that the trial court erred or abused its discretion in making the award.

{¶15} Mary Batten contracted with Appellant to perform some home improvement work. Specifically, Ms. Batten hired Appellant to create some parking spaces over an embankment area, re-pour a concrete pad in front of

her garage and cap a retaining wall that had started to crumble. The quote provided by Appellant was $5,500.00, and Ms. Batten gave Appellant an initial check for $3,000.00. Ms. Batten testified that the work performed by Appellant consisted of removing a few trees, "kind of chunked away at the embankment a little bit," and dug out her driveway, concrete pad and hauled it away. Ms. Batten testified that not only did Appellant not complete the work, he "knocked a hole" in her 54-foot continuous brand new gutter, which created an issue after a heavy rain, causing her crawl space and basement to flood. Ms. Batten testified that she had to replace her gutter at a cost of $480.00 and had her driveway completed at a cost of $6,606.43, which did not include capping the retaining wall. She testified that her homeowners insurance denied coverage for the water damage and she had not been able to afford to have that damage fixed.

{¶16} Mr. Studenic also testified on behalf of Appellant with respect to the work performed for Ms. Batten. Studenic testified that Appellant cut down nine trees, removed a concrete pad, expanded the parking area, cut away an embankment, and cut a ditch alongside the driveway to install a French drain. Studenic testified that in his opinion about 50% of the Batten contract was completed by Appellant. After hearing the testimony, the trial court awarded Ms. Batten in restitution the full amount she paid to

Appellant, which was $3,000.00. Although Appellant challenges this amount and believes the work he did conferred 50% of the value of an estimated $5,500.00 contract, the trial court determined otherwise, and its discretion determined that the "damage that was occasioned" from Appellant's work exceeded "any value conferred." We conclude there is competent, credible evidence in the record to support this restitution award. Further, in awarding this amount, the trial court limited the award to the money actually paid by Ms. Batten to Appellant. The trial court did not award any restitution to cover the additional damage to the house claimed by Ms. Batten related to flood and water damage.

{¶17} Wesley Deem, age 70, contracted with Appellant to install a new shower, install new faucets in a shower and tub enclosure, install two exhaust fans, install a hood and vent with exhaust fans over the stove, install a new tub surround "above the shower," and finally to install a new glass shower door. Mr. Deem did not state the total contract price, but testified during the restitution hearing that he paid Appellant $517.00 (later determined to be $527.08) to cover a range hood and a shower door that were never ordered or provided to him. Appellant did not have Mr. Studenic testify regarding the Deem contract. In fact, trial counsel agreed with both the State and the trial court that Mr. Deem's restitution award should be

$527.08. Thus, after reviewing the record, we conclude that Mr. Deem's award of restitution is supported by competent, credible evidence and the trial court did not abuse its discretion in making the award.

{¶18} Finally, the indictment alleged that Martha Smith was the victim listed on count four. At the restitution hearing, a Janie Smith testified that she had contracted with Appellant. She was cross-examined by defense counsel and was never asked to clarify her identity or confirm that she was, in fact, Martha Smith, as alleged in the indictment. However, there was no suggestion by anyone that Janie Smith was not the person identified as Martha Smith in the indictment. Further, Appellant spoke on his own behalf at the hearing, and acknowledged that he had performed some work for the "Miss Smith" that testified. He even referenced having a conversation with her at the work site and at no point stated that the woman who testified was not the woman named in the indictment. He had every opportunity at that time to inform the court that Janie Smith was not the person he contracted with or that was named in the indictment.

{¶19} On appeal, Appellant now essentially contends that the trial court did not have authority to award restitution to "Martha Smith" because "Janie Smith," not Martha, testified at the restitution hearing. However, we believe any error associated with the failure to clarify Smith's identity was

invited by Appellant and is, thus, waived on appeal. "Under the invited-error doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the trial court to make." *State v. Savage*, supra, at ¶ 14 (internal citations omitted). The invited error doctrine applies to cases "in which a defendant raises an argument on appeal that the trial court lacked authority to impose restitution." Id.; citing *State v. Williams*, 8th Dist. Cuyahoga Nos. 102220, 102221, 102222 and 102223, 2015-Ohio-2522, ¶ 12; quoting *State v. Jackson*, 8th Dist. Cuyahoga No. 99059, 2013-Ohio-3136, ¶ 15.

{¶20} Further, the record reflects that the complaint initially filed in the municipal court identified a Martha Smith who resided at 599 McGill Road, part of Dunham Township in Washington County, Ohio. At the restitution hearing, Janie Smith testified and stated that her address was 599 McGill Road, Vincent, Ohio. Although not part of the record before us, the Washington County, Ohio Auditor's webpage lists Martha J. Smith as the property owner of a parcel identified as "Off CR 30." Martha J. Smith's mailing address, per the Auditor's page, is 599 McGill Road, Vincent, Ohio. It appears from a review of the map that McGill Road is located just off of County Road 30.

**{¶21}** A trial court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Thus, this Court is permitted to take judicial notice that, per the Washington County Auditor, Martha J. Smith resides at 599 McGill Rd. As argued by the State on appeal, Janie is likely another name by which Martha Smith is known, especially in light of the fact that her middle initial is J. Accordingly, we find no error or abuse of discretion by the trial court in awarding restitution to Martha Smith.

**{¶22}** Appellant further challenges the amount of restitution awarded to Martha Smith. Janie Smith testified that she contracted with Appellant to pour a stamped driveway, a porch pad on the side of her house with a roof over the porch, and to install gutters and downspouts on her house. She testified that she had contracted with Appellant to perform the work for $6,800.00, and that she paid him $6,000.00 up front. She testified that Appellant poured a driveway, but then tore it back out because there were problems with it. She testified that it was supposed to be re-done, but that Appellant never came back. She testified that Appellant left a three-foot high pile of gravel in her driveway, which she had to have her neighbor clear

for her. She testified that Appellant did not do any work as far as the side porch pad, roof, gutters or downspouts. She testified that she had to hire another contractor to re-pour her driveway at a cost of $5,250.00.

{¶23} Mr. Studenic also testified regarding the work performed by Appellant on Smith's property, and stated that Appellant dug up and formed a driveway, poured a new driveway, and then tore the concrete pad back out. Studenic claimed that this work constituted 75% performance under the contract. The trial court awarded Martha Smith the full $6,000.00 she paid to Appellant. We conclude, based upon the evidence in the record, that such an order was supported by the competent, credible evidence and was well within the trial court's discretion. Accordingly, we likewise find no merit to this portion of Appellant's first assignment of error and therefore overrule it.

## ASSIGNMENT OF ERROR III

{¶24} In his third assignment of error, Appellant contends that his trial counsel's failure to object to the trial court's restitution order constituted ineffective assistance of counsel. Appellant's argument under this assignment of error is twofold. First, Appellant contends that trial counsel provided ineffective assistance of counsel by failing to object to the award of restitution to the victims listed in the dismissed counts. Second, Appellant contends his trial counsel provided ineffective assistance of

counsel for failing to object to an award of restitution being made to Martha Smith, when there was testimony that it was Janie Smith, not Martha Smith, who paid Appellant.

{¶25} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 23. The defendant has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. Failure to satisfy either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶26} Because we already determined under Appellant's second assignment of error that payment of restitution to all four victims, including victims of the dismissed counts, was part of Appellant's negotiated plea agreement, we cannot conclude that trial counsel provided ineffective

assistance of counsel by failing to object to award of restitution to those victims. As set forth above, the agreement regarding restitution was an express part of the agreement that was discussed at length on the record and was included in the written plea agreement. Any objection related to the imposition of restitution to the victims of the dismissed counts would have been meritless and would have been overruled. Counsel cannot be deficient for failing to object on the basis of frivolous arguments. As such, Appellant's first argument under this assignment of error is overruled.

{¶27} Further, as set forth above, we found no merit to Appellant's argument under his first assignment of error that the trial court erred or abused its discretion in awarding restitution to Martha Smith. As such, we cannot conclude that trial counsel provided ineffective assistance for failing to object to the trial court's restitution order to Martha Smith. Having found no merit to any of the arguments raised under Appellant's third assignment of error, it is overruled.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment Only.

For the Court,


BY: _____
         Matthew W. McFarland, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**